(June 18, 1915.)

D. L. EVANS et al., Constituting the State Board of Education and the Board of Regents of the University of Idaho, Plaintiffs, v. FRED L. HUSTON, State Auditor, Defendant.

[150 Pac. 14.]

MANDATE—STATE AUDITOR—ALBION NORMAL SCHOOL FUND—INCOME ACCRUING THEREFROM—LEGISLATIVE APPROPRIATION OF—CONSTITUTIONAL AND STATUTORY CONSTRUCTION.

1. Sec. 13, art. 7, of the state constitution, provides that no money shall be drawn from the treasury but in pursuance of the appropriations made by law.

2. The first section of the appropriation act of 1913 (Sess. Laws 1913, p. 637) makes an appropriation for the support and maintenance of the several state institutions for the period commencing

on the first Monday in January, 1913, and ending on the first Monday of January, 1915, and provides "That the amounts specifically appropriated for stated purposes by this act constitute the whole amount appropriated and to be used for any purposes during the years 1913 and 1914."

3. Said sec. 13, art. 7, of the constitution, prohibits the state auditor from drawing his warrant upon any fund in payment of any claim until a proper legislative appropriation is made for the payment of such claim.

4. Under the provisions of the fourth section of an act creating and establishing a normal school fund (Sess. Laws 1905, p. 393), it is provided: "That perpetually from and after the first day of January, 1907, one-half of all moneys which may accrue to the said normal school fund shall be, and the same are hereby, appropriated and set apart for the support and maintenance of the said Albion State Normal School and the same shall be, and they are hereby, made available for such purpose immediately upon their being credited to the said fund."

5. Under the provisions of subd. 66, sec. 17, of the Rev. Codes, said act of 1905 establishing the normal school fund was continued in force.

6. Secs. 3 and 7 of said act of 1905 make appropriations of certain funds.

7. The act of 1905 makes an appropriation of the income accruing from said school fund and continues such appropriation until amended or repealed by the legislature.

8. *Held*, that the balance remaining in said Albion State Normal School fund and the income from that fund during the years 1915 and 1916 have been appropriated for the support and maintenance of said normal school, and are available for that purpose.

An original proceeding in this court for a writ of mandate to compel the state auditor to draw his warrant for the payment of the January, 1915, salary for the principal of the Albion Normal School and to charge the same against the Albion Normal School fund which had accrued previous to the first day of January, 1915. After hearing, peremptory writ granted.

Geo. C. Huebener, for Petitioner.

If, at the end of any biennium, there is an unexpended balance in any of specified school funds, it should still be there

subject to the use of the specified schools and cannot be diverted into the "general fund," or any other fund, nor can it be appropriated for any other purpose, nor is any further legislative action required to dispose of it, nor can the state auditor refuse to follow the direction of the state board of education, when such direction is within the express terms of the grant and of the several legislative acts; nor can he, under any circumstances whatsoever, divert any portion of the "unexpended balance" to the "general fund" or to any other fund; and the unexpended balance must always remain in the fund available for the use of the Albion Normal School. (*State v. Fitzpatrick*, 5 Ida. 499, 51 Pac. 112; *Roach v. Gooding*, 11 Ida. 244, 81 Pac. 642; *State v. Maynard, State Treasurer*, 31 Wash. 132, 71 Pac. 775; *Sheldon v. Purdy*, 17 Wash. 135, 49 Pac. 228; *Mitchell v. Colgan*, 122 Cal. 296, 54 Pac. 905; *State v. McMillan*, 12 N. D. 280, 96 N. W. 310; *State v. Board of Regents of University*, 55 Kan. 389, 40 Pac. 656, 29 L. R. A. 378; *Wyman v. Banvard*, 22 Cal. 524.)

J. H. Peterson, Attorney General, T. C. Coffin, E. G. Davis and Herbert Wing, Assistants, for the Defendant, cite no authorities.

SULLIVAN, C. J.—This is an original application to this court for a writ of mandate to Fred L. Huston, as auditor of the state of Idaho, to require the defendant as such auditor to issue a state warrant in payment of the January, 1915, salary to G. A. Axline, principal of the Albion Normal School, and to charge the same against money of the Albion Normal School fund which had accrued thereto previous to the first day of January, 1915. A sufficient part of said fund to pay said warrant remained in said fund on said date.

The alternative writ was issued and the return made thereto, admitting the main allegations thereof and averring that all of the provisions of the general appropriation act for the biennium of 1913 and 1914 must be construed together, and that the provisions of said act place the income accruing to the Albion Normal School from its endowment fund upon

exactly the same basis as the appropriations made in the said act from the general fund in the state treasury, and under the provisions of the first paragraph of sec. 1 of said act, such appropriations are made "for the support and maintenance of the several state institutions for the period commencing on the first Monday of January, 1913, and ending on the first Monday of January, 1915," and for no other period, and prays that the temporary writ of mandate be denied.

It is the position taken by the state auditor in this proceeding that in view of the provisions of sec. 13, art. 7, of the state constitution, to wit, "No money shall be drawn from the treasury, but in pursuance of appropriations made by law," and the statutes, that the income accruing to the Albion Normal School during the biennium of 1913 and 1914 and not expended in the payment of claims originating in that biennium cannot be used for claims arising in the biennium of 1915 and 1916 unless the same has been made especially available for this purpose by direct appropriation of the legislature. In other words, the position of the auditor is that in view of the proviso found in sec. 6 of chap. 193 (Sess. Laws 1913, p. 637) (commonly known as the general appropriation act)., the income accruing to the Albion Normal School during the biennium of 1913 and 1914 was appropriated to that institution for that biennium and was made subject to the provisions of the general appropriation act, limiting the appropriations made for that biennium to the payment of claims arising therein, and prohibiting their use at any other time or for any other purpose, at least until a lawful appropriation was made of them by the legislature.

In the first section of said act we find the following provision:

"That the following sums of money, or so much thereof as may be necessary, are hereby appropriated for the payment of salaries and compensation of the state officers and employees of the state of Idaho and the general expenses of state government, and for the support and maintenance of the several state institutions for the period commencing on the first Monday of January, 1913, and ending on the first

Monday of January, 1915. . . . . That the amounts specifically appropriated for stated purposes by this act constitute the whole amount appropriated, and to be used for any purposes during the years 1913 and 1914.''

That section construed with sec. 13, art. 7, of the constitution above quoted does not permit the auditor to draw his warrant upon said fund until a proper appropriation is made of the balance remaining in said fund after the payment of claims originating during the biennium of 1913 and 1914.

The sole question for determination by this court is whether or not the position of the state auditor is correct, or if a legal appropriation of said funds has been made by the legislature.

It is contended by counsel for plaintiffs that under the statutes there is a continuing appropriation of said funds and that warrants may be drawn upon them for all legal claims against such funds without any further legislative appropriation. In order to determine this matter, we shall have to refer to certain enactments of the legislature touching the question here at issue.

By the fourth section of the act creating and establishing a normal school fund, etc. (Sess. Laws 1905, p. 393), it is provided ''That perpetually from and after the first day of January, 1907, one-half of all moneys which may accrue to the said normal school fund shall be, and the same are hereby, appropriated and set apart for the support and maintenance of the said Albion State Normal School and that the same shall be, and they are hereby, made available for such purpose immediately upon their being credited to the said fund.'' By that act the legislature has attempted to perpetually appropriate and set apart for the support of the Albion Normal School the fund therein mentioned. Of course, that act is not binding on any subsequent legislature, or at least not so binding as to prevent them from amending it.

Subd. 66 of sec. 17 of the Rev. Codes, which were adopted in 1909, continued in force said act of 1905 establishing the normal school fund. The general appropriation act of 1905 (Sess. Laws, p. 277) contains the following section:

"Sec. 3. That all moneys belonging to funds created by law for specific purposes are hereby appropriated for such purposes."

In sec. 7 of said act the following proviso is found:

"That the income accruing to any state institution after the same has been certified quarterly to the board of trustees of such institution by the auditor shall be deemed an appropriation to such institution, and shall be governed by the provisions of this act regarding appropriations and regarding the creation of indebtedness in excess of such appropriations."

The general appropriation act for the biennium of 1907 and 1908 (Sess. Laws 1907, p. 457) contains identically the same provisions above quoted from the general appropriation act of 1905. The general appropriation act of 1909 (Sess. Laws, p. 134) contains similar provisions. Said sec. 3 of the general appropriation acts of 1905, 1907 and 1909 is not found in the general appropriation act of 1911 (Sess. Laws, p. 319), nor in the general appropriation act of 1913 (Sess. Laws, p. 637). In both of the later acts, however, the second provision above quoted from the general appropriation act of 1905 and repeated in subsequent appropriation acts appears.

The general appropriation act of 1915 does not contain either of those provisions, although they appear in the bill as it was originally introduced, but were stricken out.

There is no question but that the act of 1905, quoted above, which created the normal school fund and perpetually appropriated the income accruing from said fund to the uses of the normal schools of this state, is a sufficient appropriation of this income for the purposes of those institutions until repealed by the legislature, and the only question to be determined in this proceeding is whether or not the language used in the general appropriation act of 1913 constitutes a limitation of such appropriations,—such a limitation as will render it impossible to use in the biennium of 1915 and 1916 any part of the income accruing in the biennium of 1913 and 1914 without a special appropriation by the legislature.

The first section of said appropriation act of 1913 is above quoted, and among other things it provides that the amounts

specifically appropriated for stated purposes by said act constitute the whole amount appropriated and to be used for any purpose during the years 1913 and 1914.

It clearly appears from the house journal that the legislature in making its appropriations for the biennium of 1915 and 1916 took into consideration the amount of money remaining to the credit of the Albion Normal School from the biennium of 1913 and 1914, and deducted such balance from the estimated needs of the institution for the biennium of 1915 and 1916.

On page 17 of the house journal for January 30, 1915, we find an itemized statement of the budget presented to the legislature, amounting in all to $110,500. That is the amount it was estimated it would cost for improvements and the running of the institution for the years 1915 and 1916, and it appears there was deducted from that amount the estimated balance in the state treasury on January 1, 1915, $5,000, and the estimated income to the normal school fund for 1915–16, $28,000, making a total of $33,000, which was deducted from the $110,500, leaving $77,500, and in place of that amount the legislature reduced it to $76,200, making an appropriation for that sum (see enrolled bill on file in the office of the Secretary of State), thus clearly indicating that the legislature concluded that said amount of $33,000 had been sufficiently appropriated so that it might be used in the payment of the expenses, etc., of said institution for the biennium of 1915–16.

From said journal it appears that the legislature had before it the estimated balance remaining in the state treasury to the credit of the Albion Normal School, January 1, 1915, and also the estimated income to that school from its permanent endowment fund for the years 1915 and 1916, and that these two items were deducted from the total estimated needs and the difference was $77,500. The appropriation actually made by the legislature by said act of 1915, however, was $76,200 for salaries, general maintenance, supplies and equipment of the Albion Normal School. However, the governor vetoed the following items of said bill:

> For summer school salaries.................$3,000
> For up-keep, repairs, building and ground im-
>      provements ........................... 6,000
> For equipment and connecting with transmis-
>      sion line U. S. government Minidoka
>      power station......................... 2,500
> For altering water supply system........... 2,000

thus vetoing $13,500 of said appropriation, leaving as an appropriation $62,700. (See Sess. Laws 1915, p. 339.)

The legislature evidently considered that this estimated balance of $33,000 would be available for the biennium of 1915 and 1916 and made the appropriation with that intention or understanding.

The first section of the act making appropriations for the educational institutions of the state contains, among other provisions, the following: "The amounts herein specified constitute the whole amount appropriated by the legislature of the state of Idaho, for the purposes specified, and no greater sum or sums shall be expended for the said purposes in any manner which will create a further claim against the state of Idaho."

. It will be observed that the last provision of the first section of the appropriation act of 1913 above quoted differs from the provision of the first section of the appropriation act of 1915, in that the former provision specifically provides that the appropriations made by said act "constitute the whole amount appropriated and to be used for any purposes during the years 1913 and 1914," while the provision quoted from the latter act declares that "no greater sum or sums shall be expended for said purposes in any manner which will create a further claim against the state of Idaho." The legislature in enacting that provision evidently had in mind the above-mentioned two items of $5,000 and $28,000, being the balance in said normal school fund and the accruing interest on the permanent fund for the years 1915 and 1916, and did not consider that proper claims against that fund would "create a further claim against the state of Idaho";

that is, a deficiency claim for which no appropriation had been made.

Taking into consideration all of the acts referred to, it is clear that it was not the intention of the legislature in any manner to interfere with or amend the said act of 1905 making an appropriation of one-half of all the moneys which may accrue to said normal school fund for the support and maintenance of said Albion Normal School, nor was it intended to amend or repeal subd. 66 of sec. 17 of the Rev. Codes of 1909, which expressly continues in force said act of 1905 establishing the normal school fund.

As appears from said house journal, the legislature took into consideration in making the appropriation for said Albion Normal School the two items consisting of the estimated balance in the state treasury on January 1st, 1915, it being $5,000, and the estimated income to the normal school fund for the years 1915–16, amounting to $28,000, making a total of $33,000, and those two items were deducted from the total estimated needs of said institution, and the difference was appropriated directly by the legislature from other revenues of the state.

We therefore conclude that under the laws existing prior to said appropriation bill of 1915, the funds referred to in said two items had been appropriated for the support and maintenance of said normal school and that the balance remaining unexpended during the biennium of 1913–14 may be used for the proper purposes for the biennium of 1915–16.

It is admitted by respective counsel that the question here presented with reference to the Albion Normal School fund also arises with reference to several other institutions of the state having permanent endowment funds; that it has been the practice of such institutions in the past to use those funds remaining over from one biennium for the payment of bills in the succeeding biennium, but the several acts of the legislature referred to in this opinion are in such condition as to fully justify the state auditor, in order to protect himself, in refusing to draw warrants on said funds in the manner

directed by the state board of education until the question here involved had been judicially determined.

The matter at issue in this proceeding is of such importance as to fully justify both the state auditor and the state board of education in asking the courts to pass upon the proper status of the income from said endowment funds and in having the several acts of the legislature with reference thereto construed by the court.

The peremptory writ will issue. No costs are awarded in the case.

Budge and Morgan, JJ., concur.